UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTI LYNNE HEIM,**

        **Plaintiff,**

v.                                                Case No: 6:13-cv-1923-Orl-41KRS

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S UNCONTESTED MOTION FOR ATTORNEY'S FEES (Doc. No. 19)
>
> **FILED:** March 17, 2015

Plaintiff Christi Lynne Heim seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on January 26, 2015. Doc. No. 18. Counsel for Plaintiff represents that the Commissioner does not object to the relief requested. Doc. No. 19, at 3. Thus, the motion is now ripe for consideration.

Richard A. Culbertson, Esq., Plaintiff's counsel of record, seeks an award of $3,680.02. *Id.* at 3, 8. Attorney Culbertson requests fees for 0.5 hours of his work in 2013, .4 hours of his work in 2014, and 1.3 hours of his work in 2015. *Id.* at 13. Attorney Culbertson also seeks recovery for 0.7

hours worked in 2013, 8.7 hours worked in 2014, and 0.1 hours worked in 2015 by Attorney Sarah Fay. *Id.* at 14. He also seeks recovery for 18.0 hours of work by Michael Culbertson, a paralegal, in 2014. *Id.* at 8.

The EAJA sets a ceiling of $125.00[1] on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI"). 28 U.S.C. § 2412(d)(2)(A). Attorney Culbertson requests $187.00 per hour for the work he and Attorney Fay performed in 2013, and $190.06 per hour for the work he and Attorney Fay performed in 2014 and 2015. Doc. No. 20, at 8. He also requests $75.00 per hour for the work performed by Michael Culbertson in 2014. *Id.* Attorney Culbertson provides an analysis of the cost-of-living adjustment using the CPI for 2014. *See id.* at 8-10. Independent calculations show that the average adjusted hourly rates for 2013, 2014, and 2015 are $187.03,[2] $190.06,[3] and $187.63,[4] respectively. Accordingly, the requested rates of $180.07 for work

---

[1] Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996. 28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-121, § 232(b)(1)).

[2] The figure is calculated by taking the "Annual" CPI rate for 2013 and subtracting from it the March 1996 rate (232.957 – 155.7 = 77.257) and then dividing that number by the March 1996 rate (77.257 ÷ 155.7 = 0.4962). These calculations result in the cost-of-living percentage increase from March 1996 through 2013. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.4962 × 125) + 125 = 187.03). *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button) (last visited Mar. 18, 2015).

[3] The figure is calculated by taking the "Annual" CPI rate for 2014 and subtracting from it the March 1996 rate (236.736 – 155.7 = 81.036) and then dividing that number by the March 1996 rate (81.036 ÷ 155.7 = 0.5205). These calculations result in the cost-of-living percentage increase from March 1996 through 2014. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5205 × 125) + 125 = 190.06). *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button) (last visited Mar. 18, 2015).

[4] The figure is calculated by taking the January 2015 CPI rate (no annual CPI rate is available for 2015) and subtracting from it the March 1996 rate (233.707 – 155.7 = 78.007) and then dividing that number by the March 1996 rate (78.007 ÷ 155.7 = 0.5010). These calculations result in the cost-of-living percentage


performed by Attorneys Culbertson and Fay in 2013, and $190.06 for work performed by Attorneys Culbertson and Fay in 2014, do not exceed the EAJA cap adjusted for inflation. The requested rate of $190.06 for work performed by Attorneys Culbertson and Fay in 2015 does, however, exceed the EAJA cap adjusted for inflation.

The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). At least one judge of this Court has expressed concern that the maximum rates authorized by applying a cost-of-living adjustment exceed the reasonable hourly rate for work of this type. *See Coffman v. Astrue*, No. 8:07-cv-1416-T-TGW, 2008 WL 5137956 (M.D. Fla. Dec. 5, 2008). Nevertheless, because the Commissioner does not object to the hourly rates sought and the 2013 and 2014 rates are within the rates permitted by the EAJA, I recommend that the Court find that the rates of $187.00 and $190.06 per hour for work performed in 2013 and 2014 by Attorneys Culbertson and Fay are reasonable. Because the requested hourly rate for 2015 exceeds the maximum hourly rate, however, I recommend that the Court reduce the rate for work performed in 2015 to $187.63, the maximum rate that may be awarded.

I also recommend that the Court find that the total number of attorney hours worked is reasonable in the absence of objection.

---

increase from March 1996 through January 2015. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA (($0.5010 \times 125$) + 125 = $187.63). *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button) (last visited Mar. 18, 2015).

The United States Court of Appeals for the Eleventh Circuit has recognized that fees for work by a paralegal may be recovered under the EAJA, to the extent that the paralegal performs work traditionally done by an attorney. *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1998). Attorney Culbertson submits time sheets which reflect that Paralegal Michael Culbertson worked 18.0 hours. Doc. No. 19, at 15. Under the EAJA, the amount of fees awarded to non-attorneys shall be based on the prevailing market rates for the kind and quality of the services furnished. 28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks a rate of $75.00 per hour for the work of Michael Culbertson, which I recommend that the Court find is a reasonable rate in central Florida in the absence of an objection. I also recommend that the Court find that the hours worked by the paralegal are reasonable in the absence of objection.

Finally, I note that Plaintiff filed a retainer agreement that includes an assignment of any fees awarded under the EAJA to Attorney Culbertson. Doc. No. 19-1. In the motion, Attorney Culbertson represents that the Commissioner agreed that she will accept the assignment of EAJA fees if it is determined that Plaintiff does not owe a federal debt. Doc. No. 19, at 2-3. Because the Commissioner has taken inconsistent positions regarding whether she will honor such an assignment, I recommend that the Court not require that the EAJA fees be paid directly to Plaintiff's counsel but permit the Commissioner to do so in her discretion.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part** Plaintiff's Uncontested Motion for Attorney's Fees (Doc. No. 20) and **DIRECT** the Commissioner to pay Plaintiff Christi Lynne Heim attorney's fees in the total amount of $3,566.63.[5]  I **FURTHER**

---

[5] The fees are calculated as follows: ($187.00 per hour × 0.5 hours of work in 2013 by Attorney Culbertson = $93.50) + ($190.06 per hour × 0.4 hours of work in 2014 by Attorney Culbertson = $76.02) + ($187.63 per hour × 1.3 hours of work in 2015 by Attorney Culbertson = $243.92) + ($187.00 per hour × 0.7 hours of work in 2013 by Attorney Fay = $130.90) + ($190.06 per hour × 8.7 hours of work in 2014 by Attorney Fay = $1,653.52) + ($187.63 per hour × 0.1 hours of work in 2015 by Attorney Fay = $18.76) +

- 5 -

**RECOMMEND** that the Commissioner be permitted, in her discretion, to pay all or part of the attorney's fees to Plaintiff's counsel should she determine that it is appropriate to do so.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 20, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

($75.00 per hour × 18.00 hours of work in 2014 by Paralegal Michael Culbertson = $1,350.00) = $3,566.63.